UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

DAVID RODRIGUEZ,

    Petitioner,

vs.

J. LIZARRAGA,

    Respondent.

No. C 14-3620 PJH (PR)

**ORDER DENYING MOTION TO STAY WITHOUT PREJUDICE**

    Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court found that the sole claim in the petition was sufficient to require a response and ordered respondent to file an answer. However, petitioner has now filed a motion to stay this case while he exhausts six additional claims.

    In *Rhines v. Weber*, 544 U.S. 269 (2005) the United States Supreme Court found that a stay and abeyance of a federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. *Rhines, supra*, at 277-78.

    Petitioner's motion for a stay does not address these factors, therefore, it will be denied without prejudice. If petitioner wishes to stay this action, he shall file an amended motion addressing the *Rhines* factors described above.

    In the alternative, petitioner may file an amended motion for a stay pursuant to the three-step procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *King v.*

*Ryan*, 564 F.3d 1133 (9th Cir. 2009).[1]  A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause, as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations.  *King*, 564 F.3d at 1141-43 (finding district court's dismissal of unexhausted claims was improper because petitioner was not required to show good cause to avail himself of the *Kelly* three-part procedure but affirming the dismissal as harmless because the unexhausted claims did not relate back to the claims in the original petition that were fully exhausted at the time of filing).  However, no statute of limitations protection is imparted by such a stay, nor are exhausted claims adjudicated during the pendency of such a stay.

## CONCLUSION

1. The motion to stay (Docket No. 4) is **DENIED** without prejudice and petitioner may file an amended motion by **December 1, 2014**.  Failure to file an amended motion will result in this action continuing with the one claim in the petition.

2. Respondent need not file an answer to the petition until receiving further instructions from the court.

**IT IS SO ORDERED.**

Dated: October 29, 2014.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.14\Rodriguez3620.sta.wpd

---

[1] "Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d at 1134 (citing *Kelly*, 315 F.3d at 1070-71).